Withers j.
delivered the opinion of the Court.
When the prisoner’s case was before this Court in December last, every question was then considered and adjudged which arose on the second trial on ike circuit, and which is presented or urged in the present appeal, except that which alleges now the inadmissibility of the prisoner’s confession, because it was made through inducements held out to the prisoner in the presence of one in authority, who did not administer a caution and warning; and because the prisoner’s hopes and fears were excited in part and operated upon, immediately preceding the confession, by the officer having him in custody.
*386 These complaints found themselves upon the fact appearing on the late trial, that William Willbanks, the jailer at Spar-tanburg, was present at a conversation preliminary to the confession, and occurring an hour or more before it was made, which was conducted with the prisoner by John T. Kirby and H. H. Thomson, and in which Willbanks to some extent participated. Though it had not fully appeared, at the time when the objection was made to the admissibility of the confession, to what extent the jailer did participate in the preliminary conversation referred to, (for that was subsequently developed by Willbanks, when called for the defence,) yet it is more proper to consider the question, as though the matter which is alleged to have affected and tainted the confession, had been known to the presiding Judge when the point was made. Nor will any stress be laid upon the fact, that upon the former trial and appeal, it did not appear that Willbanks was present, for that fact was not made the ground of exception. The only active participation which Willbanks states he had in the interview, was, that he thought he himself referred to Sims’ case. He specified no inducements held out to the prisoner by John T. Kirby and Thomson, in his (the witness’) presence, except that the case of Ford and Dill was mentioned; and that it was said to the prisoner, by Kirby and Thomson, “if Lee confesses, you can’t,” and something was said about Lee’s telling of the prisoner’s harboring Dave.
These suggestions all related to the question, debated by the prisoner and the two gentlemen mentioned, as to how a confession would be likely to operate in regard to the pardoning power; and it does not appear that any thing else was said, in the presence of the jailer, embracing matter touched by the grounds of appeal now under consideration.
Conceding that Willbanks was such “person in authority” as is contemplated by the rule of law urged upon us here, did he directly offer, in the single allusion made by him, or by his presence sanction, in the two observations made by another, such inducements to the prisoner’s hopes, or such alarm to the prisoner’s fear, as to exclude the confession made to two private persons an hour or more afterwards?
*387 We are clear that tills question, pregnant though it be of momentous consequences to the prisoner, must be answered in the negative. Let it be remembered, that the question is, shall the evidence bo excluded from the jury? It is a misapprehension of the rule of law, which seeks to exclude confessions made by a prisoner to one in authority, or having power over the prosecution, to construe it to be irrespective of the reason upon which all rules upon this whole subject is based. The question in all cases arises, is the confession free and voluntary? Did any one ever make a confession, however voluntary, by which he did not contemplate some advantage to himself? The object of the rule, is, to exclude any admission that may have been procured by the prisoner’s being led to suppose that it would be better for him to confess himself guilty of an offence of which he is innocent; whether the inducement held out to him be calculated to make his confession untrue.
Numerous are the cases in which confessions made to persons in authority have been received; and various of them may be found condensed by Joy on Confessions, sections 1 and 3. This opinion will not be encumbered b}^ a minute specification of them. But it will be seen that the nature and effect of the inducement was the subject of consideration in those as in other cases. Though the same words uttered in the presence of one who has power over his prisoner, either in controlling the prosecution or in securing his person, may add to that force which they would carry when proceeding from a private person in swerving the accused from a proper equanimity, yet we cannot perceive how the suggestions specified in this case could, when proceeding from any body having no control over the pardoning power, and from those affecting to have no control, produce any undue effect upon the hope of the prisoner, or shake his mind from its propriety through any other impulse. But a very material consideration is yet to be added.
What effect did any thing, said in his preliminary conversation, have upon his mind, when the confession was made at a subsequent time? This inquiry was enough to carry the whole matter to the jury; and being before that tribuna!, the *388 whole facts of the case were open as bearing upon such inquiry; the influence of any suggestions t f benefit or disadvantage upon the prisoner’s mind was to be determined by the jury when they had weighed them in one scale, and placed in the other the several admonitions by John T. Kirby and Thomson, which were candid and cautionary, and may be found at large in the testimony reported; they were to consider that the prisoner was not in fact at the time he confessed under arrest for the murder, but for harboring the negro Dave, who was charged as an accomplice; in short, the inquiry, how far the prisoner may have been led by Ids own speculations, or those of others as to contingent events, opened the whole mass of corroborative facts adduced on the part of the State; and these, it was freely confessed here on the part of the prisoner, left him no hope.
A confession is admissible, (says Mr. Greenleaf in the 1st volume of his Evidence, sec. 239.) though it is elicited by questions, whether put to the prisoner by a magistrate, officer, or private person; and the form of the question is immaterial to its admissibility, though it assumes the prisoner’s guilt. In all these cases the evidence may be laid before the jury, however little it may weigh under the circumstances, and however reprehensible may be the mode in which in some of them, it may be obtained. According to recent decisions by some of the English Judges, a knowledge by the prisoner that the government itself has offered a pardon and a reward, will not exclude his confession, unless it appears that it was made under the influence of a hope of pardon held out by authorized parties; and though, where that is urged, the Judge may exclude the confession when such influence is manifest, it is unquestionably for the jury when the fact is doubtful; (see Regina v. Boswell, et al., 41 Eng. C. L. Rep., 584; same v. Dingby, et al, 47 ib., 637.
It does not appear, therefore, that the Circuit Court violated the rule in question, whether we look to the reason of it in general, the interpretation of it elsewhere, or in the former well considered judgment pronounced in this cause.
*389 This Court consequently is constrained to order that the motion be dismissed; and it is dismissed accordingly.